13 MAR -6 AM 8:23

[stamp] DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL PHILLIP,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT H. TRIMBLE,<br><br>    Respondent. | CASE NO. 11cv1503-BTM(KSC)<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING<br><br>[Doc No. 32] |

  Petitioner James Earl Phillip, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, challenging his convictions in San Diego Superior Court Case No. SCD218152 for four counts of pimping (Cal. Penal Code § 266h(a)) and three counts of pandering (Cal. Penal Code § 266(a)(2)). (Doc. No. 1, Petition, at 1-2; Lodgment No. 1, at pp. 184-184.) On October 17, 2012, this Court recommended DENIAL of the claims in the Petition. [Doc. No. 34.] On December 10, 2012, petitioner filed objections to the Report and Recommendation, and these objections are pending before the District Court. [Doc. No. 39.]

  Currently pending before this Court is petitioner's Motion for an Evidentiary Hearing. [Doc. No. 32.] For the reasons outlined below, this Court finds that petitioner's Motion for an Evidentiary Hearing must DENIED without prejudice.

///

## **_Background_**

As outlined more fully in this Court's Report and Recommendation filed on October 17, 2012 [Doc. No. 34], petitioner pled guilty as charged in San Diego Superior Court Case No. SCD218152 pursuant to a written plea agreement and admitted two prior convictions which qualified as strikes under California's Three Strikes law. Because these two prior convictions qualified as strikes, petitioner was advised that his total sentencing exposure was 100 years to life in state prison plus four years. He was also advised that if he went to trial and was only convicted of one of the felony counts against him, he would be sentenced under the Three Strikes law to a term of 25 years to life plus one year or 26 years to life in state prison. During petitioner's change of plea hearing and at other times during the course of the criminal proceeding petitioner was advised that both of his prior convictions qualified as strikes because a gun was used to commit both offenses. Petitioner decided to plead guilty as charged when the trial court gave an "indicated sentence" of about ten years.

Although there was initially some confusion as to whether one of the prior convictions qualified as a strike, the issue was resolved on the record in state court. One of petitioner's prior convictions was originally charged as possession of a firearm by a misdemeanant in violation of California Penal Code section 12021, subdivision (c)(1), which did not qualify as a strike. However, petitioner admitted on the record and the prosecutor confirmed, that petitioner was actually convicted of possession of a firearm by a felon in violation of California Penal Code Section 12021, subdivision (a)(1), which did qualify as a strike. The charging document was therefore amended to correct this mistake. On the record, petitioner then admitted both prior strike convictions as amended.

As the trial court explained to petitioner on the record, the offense in question qualified as a strike, because the jury found true the allegation that petitioner personally used a firearm in the commission of the offense. The record also indicates that the trial court and defense counsel reviewed the record in the underlying criminal case to

confirm that the offense qualified as a strike. In addition, petitioner admits that his defense counsel showed him verdict forms indicating he was convicted of the strike offense. [Doc. No. 34, at pp. 1-4, 10.]

Despite the clarity in the state court record, petitioner maintains that the prior conviction in question does not qualify as a strike so he only had one prior strike, not two, and he therefore pled guilty based on false information. Petitioner also contends that the outcome of his case would have been more favorable if only his defense counsel objected to amending the charging document and the trial court and defense counsel had acknowledged or discovered this alleged error prior to sentencing.

## *Discussion*

In his Motion for an Evidentiary Hearing, petitioner seeks an examination of the original court file in underlying San Diego Superior Court Case No. SCE228860, so he can attempt to show that he only has one prior strike rather than two. Petitioner believes the official record in this underlying case will show that the prior conviction in question was for possession of a firearm by a misdemeanant (former Cal. Penal Code § 12021, subd. (c)(1)) rather than possession of a firearm by a felon (Cal. Penal Code § 12021, subd. (a)(1)) and that the jury never made a finding that he personally used a firearm in the commission of the offense.

In his Motion for an Evidentiary hearing, petitioner further accuses his defense counsel of failing to investigate the record of his underlying conviction and "knowingly" introducing "fabricated documentation" to show that he had two prior strikes in order to coerce and manipulate him into pleading guilty. Specifically, petitioner believes that the verdict forms presented to him by his defense counsel were "fabricated." According to petitioner, if defense counsel had retrieved the sentencing transcripts from the underlying criminal action, he would have been able to show that the prior conviction in question did not qualify as a strike. Therefore, petitioner contends that an evidentiary hearing is necessary so that the "fabricated documents" can be examined and compared to the "official record" in order to discover the truth.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) citing 28 U.S.C. § 2254(e)(2). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* A habeas petitioner is only entitled to an evidentiary hearing if they have alleged facts that would entitle them to relief if proven true and if they did not receive an evidentiary hearing in state court. *Sivak v. Hardison*, 658 F.3d 898, 927 (9th Cir. 2011). Unsupported, conclusory allegations are not enough to warrant an evidentiary hearing. *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001).

For the reasons outlined in this Court's Report and Recommendation filed on October 17, 2012, petitioner has not alleged any disputed facts that, if proven true, would entitle him to federal habeas relief. In addition, petitioner's fabrication allegations are speculative and unsupported. The state court record shows that the trial court and defense counsel both reviewed the record in the underlying criminal matter to confirm that the prior conviction in question did in fact qualify as a strike. Based on a review of the court file in San Diego Superior Court Case No. SCE228860 and petitioner's on-the-record admission, the state trial court found that petitioner had two prior strike convictions. Petitioner has not cited any clear and convincing evidence to the contrary. As a result, he is not entitled to an evidentiary hearing.

AEDPA also "generally prohibits federal habeas courts from granting evidentiary hearings when applicants have failed to develop the factual bases for their claims in state courts. 28 U.S.C. § 2254(e)(2)." *Schriro v. Landrigan*, 550 U.S. at 474 n. 1. Here, petitioner's moving papers do not cite anything to indicate that he previously presented his fabrication allegations to the state courts for consideration. Without more, it appears that petitioner first raised his fabrication allegations against defense counsel in his Amendment to Traverse filed October 28, 2011. [Doc. No. 16, at p. 7,

9.] In the Petition, it is only alleged that trial counsel was ineffective for failing to object to an alleged erroneous correction of the charging document and for failing to investigate the records from the prior criminal proceeding to show that he only had one prior strike rather than two. Therefore, for this additional reason, petitioner is not entitled to an evidentiary hearing.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's Motion for an Evidentiary Hearing is DENIED without prejudice. [Doc. No. 32.] Petitioner may renew his request for an evidentiary hearing if he is able to make the necessary showing and the District Court does not adopt this Court's Report and Recommendation to deny the Petition, which was filed on October 17, 2012. [Doc. No. 34.]

IT IS SO ORDERED.

Date: March 5, 2013

KAREN S. CRAWFORD
United States Magistrate Judge