# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EARL PHILLIP,<br><br>        Petitioner-Defendant,<br>   v.<br><br>JEFFERY BEARD,<br><br>        Respondent. | No.  11-cv-1503-BTM-KSC<br><br>**ORDER CONSTRUING RULE 60(b) MOTIONS AS SUCCESSIVE § 2254 PETITIONS AND DENYING EACH MOTION** |

Petitioner's petition for a writ of *habeas corpus* argued that his guilty plea was involuntary and was the result of ineffective assistance of counsel, at least with respect to one of his prior convictions that constitutes a second "strike" under the California Penal Code. On April 15, 2013, the Court denied the petition and denied a Certificate of Appealability. (Doc. 46.) On or about January 17, 2014, Petitioner submitted a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). He therein argued that the Court erred in its analysis of his claim that he was improperly deprived of his Sixth Amendment right to a trial by jury. The Court denied the motion for lack of jurisdiction because it had not been certified by a panel of Ninth Circuit judges. See 28 U.S.C. § 2255(h). (Doc. 52.) On March 19, 2014, the Ninth Circuit denied Petitioner's request for a

Certificate of Appealability and denied all pending motions as moot. (Doc. 53.) The Ninth Circuit thereafter denied Petitioner's motion for reconsideration and ordered that no further filings be entertained in the case. (Doc. 54.)

Before the Court are Petitioner's most recent submissions to this Court, which have been filed *nunc pro tunc* to the dates received. Each is a motion for reconsideration wherein Petitioner asks the Court to refer the matter back to the magistrate judge for consideration of his Sixth Amendment objection. Petitioner asserts no unique grounds for relief under Rule 60(b), but rather rehashes arguments already specifically ruled upon by the Court. For example, he complains that the trial court improperly granted an unopposed motion to amend the information and plea form to clarify that a prior felony conviction was under Cal. Penal Code § 12021(a)(1). This argument is specifically addressed in the magistrate judge's report and recommendation (Doc. 34), which was adopted by the Court on April 15, 2013 (Doc. 45). Since he seeks substantive relief, Petitioner's request is a successive *habeas corpus* petition under 28 U.S.C. § 2254, and the Court lacks jurisdiction to hear it absent permission from the Ninth Circuit. See Torricellas v. Davidson, 279 Fed. Appx. 504, 505 (9th Cir. 2008) (construing motion for reconsideration that "sought only to revisit the district court's denial on the merits of her claims for relief" as a successive § 2254 petition) (citing Gonzalez v. Crosby, 545 U.S. 524, 532, 538 (2005)); Campbell v. Blodgett, 997 F.2d 512, 515-516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits."); Fuentes v. United States, 2009 WL 1350118 (D. Hawaii May 14, 2009) (construing new ineffective assistance of counsel argument raised in a Rule 60(b) motion as a successive § 2255 petition). As

the Ninth Circuit has not granted leave to file a successive petition, this Court is without jurisdiction to entertain the submissions.

For these reasons, the Court construes Petitioner's submissions (Docs. 56, 58, and 60) as successive petitions for *habeas corpus* and **DENIES** them.  The Court again **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: May 30, 2014

Barry Ted Moskowitz
Chief United States District Judge